UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 RAJENDRA BOTHRA,

    Defendant.
    _____/

Case No. 2:18-cr-20800

HONORABLE STEPHEN J. MURPHY, III

## ORDER GRANTING GOVERNMENT'S MOTION TO STAY [90]

On January 16, 2019, the Court granted Defendant Rajendra Bothra's motion for revocation of detention order. ECF 82. The Court noted "that reasonable jurists could debate its findings" and advised that it would stay the order if the Government filed and served a notice of appeal within ten days. *Id.* at 325. On January 25, 2019, the Government filed a notice of appeal of the detention revocation order. ECF 89. The Government also filed a motion to stay the order. ECF 90. The Government explains that there is significant evidence of risk of flight, including Defendant's false statements and material omissions regarding his foreign ties and assets, international travel, and financial affairs. *Id.* at 408. The Government argues that if Defendant fled before its appeal is heard, its case would be irreparably injured and the public interest would be harmed. *Id.* at 409.

A stay is "an exercise of judicial discretion," the propriety of which depends on the circumstances of a particular case. *Nken v. Holder*, 556 U.S. 418, 433 (2009)

(citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. The Court must consider the following factors regarding the issuance of a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Here, the Government has not made a strong showing that it is likely to succeed on the merits. A district court's factual findings in granting pretrial release on bond are reviewed for clear error. *United States v. Hansen*, 108 F. App'x 331 (6th Cir. 2004). The district court's legal conclusions and mixed questions of law and fact are reviewed de novo. *Id.* (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). In issuing the detention revocation order, the Court considered several overlapping factors, including the risk of flight, the nature of the offense, and the possibility of imposing conditions of release that could ensure Defendant's appearance. The Court's decision was therefore supported by the record, and the Government has not made a strong showing that the Court committed clear error.

But the Government could be irreparably injured if the Court does not issue a stay and Defendant flees. If the Court does not issue a stay, it is possible that

Defendant could flee before the appeal is decided, irreparably harming the Government's case.

Issuance of the stay could pose some injury to Defendant. Defendant argues that he has already complied with many of the conditions of release imposed by the Court, citing his efforts to disclose his family's assets and surrender his credits cards and his family's travel documents. ECF 93, PgID 415–16. The only condition outstanding is payment of Defendant's $7-million bond. *Id.* at 415. The injury to Defendant, however, is mitigated by the reflection of detention time in the sentence if Defendant is convicted. And if the Court does not issue a stay, and the Sixth Circuit reverses the Court's detention revocation order, Defendant would be prejudiced anyway—he will have liquidated his assets and paid a bond of millions of dollars.

Finally, the public interest lies in ensuring Defendant's appearance in the upcoming criminal proceedings. Although the Court set conditions of release calculated to ensure Defendant's appearance, the continuing uncertainty about Defendant's full financial position brings into question the sufficiency of the $7-million bond. Furthermore, if the Court does not issue a stay and the Sixth Circuit reverses the Court's detention revocation order, addressing the $7-million bond condition will be difficult, as Defendant will have already liquidated his assets to pay the bond. Judicial efficiency therefore weighs in favor of issuing a stay.

In sum, reasonable appellate jurists could debate the Court's findings in this matter. Thus, on balance, the factors weigh in favor of granting a stay. The Court will stay the detention revocation order until the Sixth Circuit decides the merits of the

appeal or until the Solicitor General declines to authorize the appeal, whichever occurs first.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to stay [90] is **GRANTED**.

**IT IS FURTHER ORDERED** that the order revoking the detention order [82] is **STAYED**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: February 12, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2019, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager