# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: March 28, 2019

Mr. Thomas William Cranmer
Miller Canfield
840 W. Long Lake Road
Suite 150
Troy, MI 48098

Mr. Jeffrey Alan Crapko
Miller Canfield
840 W. Long Lake Road
Suite 150
Troy, MI 48098

     Re:  Case No. 19-1092, *USA v. Rajendra Bothra*
        Originating Case No. : 2:18-cr-20800-1

Dear Counsel,

  The Court issued the enclosed Order today in this case.

             Sincerely,

             s/Antoinette Macon
             Case Manager
             Direct Dial No. 513-564-7015

cc:  Mr. Sheldon N. Light
   Mr. David J. Weaver

Enclosure

Mandate to issue

No. 19-1092

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 28, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )  O R D E R |
| | ) |
| RAJENDRA BOTHRA, Dr., | ) |
| | ) |
| Defendant-Appellee. | ) |

Before: COLE, Chief Judge; SILER and CLAY, Circuit Judges.

The government appeals the pretrial release of Defendant Rajendra Bothra. It argues that Bothra is a significant flight risk and no combination of conditions will ensure his appearance because he allegedly masterminded a massive health care fraud scheme; he faces a potential life sentence; he has substantial investments and property in India; several of his siblings live in India; and he misrepresented his domestic and foreign assets, travel, and contacts before the district court. Bothra opposes reversal, noting that the district court carefully and deliberately considered whether to release him before imposing significant conditions of release severely limiting his flight risk. The government waives oral argument, and Bothra requests oral argument. The facts and legal arguments are adequately presented on the briefs; thus, the panel unanimously agrees that oral argument is not necessary. Fed. R. App. P. 34(a)(2)(C).

A defendant may be detained pretrial if, after conducting a hearing, a judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.

No. 19-1092
-2-

§§ 3142(e)(1), (f)(1)(E).  We review a district court's factual determinations for clear error and review mixed questions of law and fact (including whether detention is warranted) *de novo*. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

A statutory rebuttable presumption of detention arises when there is probable cause to believe that the defendant committed a controlled substances offense for which the maximum term of imprisonment is ten years or more.  18 U.S.C. § 3142(e)(3)(A).  Bothra was charged with conspiracy to distribute and possess with intent to distribute controlled substances. *See* 21 U.S.C. § 846.  The potential penalty for this offense is ten years to life imprisonment. *See* 21 U.S.C. § 841(b)(1).  The grand jury indictment, standing alone, establishes probable cause to believe that the defendant committed the offenses with which he is charged. *Stone*, 608 F.3d at 945.  Thus, the rebuttable presumption of detention applies to Bothra.

If this presumption applies, then the defendant must produce evidence that he is neither a danger to the community nor a risk of flight. *Id*.  While this "burden of production is not heavy, [the defendant] must introduce at least some evidence." *Id.* (internal citation omitted).  Bothra presented some evidence that he was not a flight risk, including that he, his wife, and his child had lived in Detroit for decades.  Because he satisfied his burden of production, the presumption is one of several other factors that must be weighed by the district court under § 3142(g). *Id.* at 946.  Those factors are:  (1) the nature and circumstances of the offense, including whether the offense is a controlled substances offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C.

§ 3142(g)(1)−(4). All of the factors support detention; thus, the district court erred in revoking Bothra's detention order.

The "presumption represents Congressional findings of fact concerning persons who deal in drugs and the problems of assuring their presence at trial." *United States v. Perez-Franco*, 839 F.2d 867, 869 (1st Cir. 1988). "Congress found that persons charged with major drug offenses often have the foreign ties and resources necessary to escape with ease to other countries; the imposition of a large bond is often ineffective in deterring flight." *Id.* at 869−70.

The nature and circumstances of the offense include whether it involved a controlled substance. 18 U.S.C. § 3142(g)(1). Four of Bothra's charged offenses involved controlled substances. The conspiracy allegedly involved the distribution of more than 13 million dosages of Schedule II opioids. His remaining offenses involved a massive health care fraud scheme, which he purportedly masterminded, involving the submission of more than half a billion dollars in fraudulent claims. Although his offenses did not involve violence, his alleged conduct included prescribing medically unnecessary painful procedures and highly addictive drugs. His offenses also involve substantial sentences: up to ten years for health care fraud, *see* 18 U.S.C. § 1347, 1349; and ten years to life imprisonment for the controlled substance offenses, 21 U.S.C. §§ 841(a)(1), (b)(1), 846.

The weight of the evidence only goes to the likelihood of dangerousness or that the defendant will pose a risk of flight, "not the weight of the evidence of the defendants' guilt." *Stone*, 608 F.3d at 948. To be sure, Bothra's wife and daughter live in district, his practice is in district, and he is 77-years old. But his offenses involve fraud, and he has since closed his medical practice. Bothra also misrepresented his financial resources, initially claiming that his net worth was $25 million less than it is, and he failed to disclose that his net worth included foreign accounts and property. He also initially failed to disclose that he had eight siblings and multiple in-laws living in India, and his recent travel to India. Evaluated in this context, the district court's conclusion

that the weight of the evidence did not support Bothra's detention is clearly erroneous. *See United States v. Perez*, 785 F. Supp. 2d 1177, 1186−87 (D. N.M. 2011).

The history and characteristics of a defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Additionally, they include whether the defendant was on probation or parole at the time he committed the offense. *Id.* § 3142(g)(3)(B). As the district court recognized, many of these factors weigh in Bothra's favor. He resided in the district for decades. He was a medical doctor with a decades-long practice who received accolades for his work. He has a United States citizen wife and daughter. He does not have a criminal history, or any history of drug and alcohol abuse. But, although Bothra touts his position as a physician in support of release, he used that position of trust to perpetrate his offenses. He has since closed his practice, and he has substantial financial resources, both domestic and foreign, many of which he failed to initially disclose. It remains unclear whether he has disclosed all of his resources. If Bothra does flee, the government is unlikely to be able to expeditiously extradite him. And, given that the Indian government recognized his medical skills, he can likely obtain employment abroad. Thus, Bothra has the motive, means, and a place to flee. Thus, his history and characteristics support his detention. *See United States v. Amar*, 300 F. Supp. 3d 287, 289−90 (D. D.C. 2018).

His offenses are also serious. Drug trafficking "is a critical problem in our society." *United States v. Travis*, 837 F. Supp. 1386, 1391 (E.D. Ky. 1993). Bothra used his position of trust, as a medical doctor, to perpetrate the offense. He also participated in a massive health care fraud scheme. Although the monetary loss to those programs is relevant, *see United States v. Stokes*, 392 F. App'x 362, 368 n.3 (6th Cir. 2010), it alone does "not capture the full seriousness of the

offense" when a physician puts patients' health at risk through the ordering of unnecessary medical care, *see United States v. Tsai*, 651 F. App'x 380, 385 (6th Cir. 2016).

The district court imposed a number of restrictions on Bothra's release. The $7 million bond is substantial, but he has substantial foreign resources that cannot be attached. He can be electronically monitored, but he lives close to the United States border with Canada. Other similarly situated defendants have fled, even when electronic monitoring was imposed. And while Bothra argued in the district court that there was no evidence he planned to flee, there is no requirement that there be such evidence to order detention. Thus, the conditions imposed are not sufficient to ensure his appearance. *See Amar*, 300 F. Supp. 3d at 291.

The district court's order revoking defendant's order of detention is **REVERSED**.

                    ENTERED BY ORDER OF THE COURT

                    Deborah S. Hunt, Clerk