UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                         Case No. 18-cr-20800

      v.                                 Hon. Stephen J. Murphy

D-1   DR. RAJENDRA BOTHRA

      Defendant.
_____/

## UNITED STATES' RESPONSE TO DEFENDANT BOTHRA'S EMERGENCY MOTION FOR REVOCATION OF DETENTION ORDER AND PRETRIAL RELEASE

"Bothra has the motive, means, and a place to flee." *U.S. v. Bothra*, Case No. 19-1092 (6th Cir. March 28, 2019). That is as true today as when the Sixth Circuit ordered Bothra detained over four months ago. Bothra continues to face an effective life sentence upon conviction. His initial statements concerning his wealth and foreign ties continue to be false. He continues to have several million dollars and two valuable real properties in Michigan, which can be used to fund an attempt to abscond. And he continues to have access to $1.2 million dollars, real property, and family members in India, should he choose to seek haven there. Bothra has offered no new information that has a material bearing on whether conditions of release can assure his presence at trial, as required to re-open the detention hearing under 18 U.S.C. § 3142(f)(2). The motion should be denied.

1

### I.  Bothra Presents No New or Material Information to Warrant Re-Opening the Detention Hearing.

Bothra incorrectly bases his motion to revoke the detention order on 18 U.S.C. § 3145(b). Section 3145(b) only gives the Court authority to review a magistrate's detention order, not its own order or a decision by the Court of Appeals. The Sixth Circuit reviewed the Court's prior bond conditions for Bothra and determined "the conditions imposed are not sufficient to ensure his appearance," affirming Bothra's continued detention. *U.S. v. Bothra*, Case No. 19-1092 (6th Cir. March 28, 2019). Bothra ignores the Sixth Circuit's decision, which is not only controlling in this case, but concerns this defendant, on the very issue of his detention.

Bothra's only recourse at this juncture, the Court of Appeals having reviewed and reversed the prior revocation of detention, is to seek to re-open the detention hearing under 18 U.S.C. § 3142(f)(2). A detention hearing may only be re-opened at the discretion of the Judge and upon a showing that "1) new information exists that was unknown to the movant at the time of the hearing; and 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *U.S. v. Watson*, 475 Fed. Appx. 598, 600 (6th Cir. 2012). Specifically, "the new information must be of a

nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community."

Bothra's disagreements with the Sixth Circuit's decision and reasoning are neither new nor material to his risk of flight or danger to the community. Likewise, the bond conditions previously imposed by this Court on Bothra or his co-defendants are not new or material. Bothra's credibility, his familial status, ties to the community, and criminal history, are also not new nor were they persuasive when presented to the Sixth Circuit.

Bothra is attempting to retread worn arguments that have been rejected. The requirements to re-open the detention hearing have not been met. The Court should deny the motion without a hearing.

## II. Bothra's Proposed Bond Conditions Seek To Evade Government Oversight and Do Not Eliminate His Risk of Flight

The United States agrees with Bothra insofar as he concedes that around-the-clock surveillance by law enforcement personnel is necessary to ensure his appearance in court. However, the appropriate means to achieve this is to continue Bothra's detention rather than relying on a third-party service retained and paid for by the defendant. "[I]f his risk of flight can be constrained only by constant supervision by private security personnel that are willing to use physical force, ... the appropriate means to accomplish that is pretrial detention." *U.S. v. Dermen*, 2019 WL 2480133 (10th Cir 2019) (citations omitted).

3

24-hour in-home surveillance is not new information material to his risk of flight. That Bothra is only now presenting the possibility to the Court does not make it new, as information concerning third-party private security and LSS Consulting, in particular, was available before his prior detention hearings. Further, several courts have considered and rejected the use of third-party private security companies as a valid condition of pre-trial release under the Bail Reform Act. *See U.S. v. Tajideen*, 2018 WL 1342475, *6 (D.D.C. Mar. 15, 2018); *U.S. v. Zarrab*, 2016 WL 3681423, at *10 (S.D.N.Y. June 16, 2016); *U.S. v. Valerio*, 9 F. Supp. 3d 283, 293–94 (E.D.N.Y. 2014).

These courts have explained that retention of private security to monitor a defendant is deeply problematic for several reasons. First, the proposal to use LSS Consulting "does not appear to contemplate 'release' so much as it describes a very expensive form of private jail or detention" and accordingly should not be considered as a condition of release under the Bail Reform Act. *Zarrab* at *10.

Second, the reliance on a private security service, such as LSS Consulting "substitutes judicial oversight and management for (more appropriate) reliance upon trained, experienced, and qualified professionals from the [United States] Bureau of Prisons and the [United States] Marshals Service." *Id.*

Third, allowing the defendant to avoid remaining in custody by funding his own private detention is "unreasonable because it helps to foster inequity and

4

unequal treatment in favor of a very small cohort of criminal defendants who are extremely wealthy." *Id.* at *13. The Second Circuit, in addressing a proposed privately-funded at-home security regime like the one suggested by Bothra explained "such conditions might be best seen not as specific conditions of release, but simply as a less onerous form of detention available only to the wealthy." *U.S. v. Banki*, 369 Fed.Appx. 152, 153 (2d Cir. 2010). The Court in *Banki* stated that it was "troubled" by the possibility of allowing wealthy defendants to buy their way out by constructing a private jail. *Id.* The Court should be equally concerned by Bothra's attempts to use his wealth to obtain pretrial release.

Finally, and perhaps most importantly, the United States does not believe that a security service retained and paid for by the defendant could possibly be relied upon by the Court or the government to ensure his appearance in court. The LSS Consulting information sheet, provided as Exhibit 9 to Bothra's motion, makes clear that the security firm has no experience in providing in-home surveillance to mitigate risk of flight and no record of success in doing so. (Dkt. No. 117-10). LSS Consulting President Ned Timmons confirmed as much when speaking with the press, explaining that LSS Consulting has "protected people but never provided a mobile jail, so to speak."[1]

---

[1] Robert Snell, *Jailed Doctor Wants to Make Bloomfield Twp. Mansion a High-Tech Prison*, Det. News (Aug. 7, 2019), https://www.detroitnews.com/story/news/local/macomb-county/2019/08/08/jailed-doctor-wants-make-bloomfield-hills-mansion-high-tech-prison/1942562001.

5

There is simply no way to prevent the defendant from being "able to make his escape [through] intentional or negligent conduct by" LSS Consulting employees, and in that event, there is no way LSS Consulting, "a private security company, could be held accountable for the escape by the court or the government." *Tajideen* at *7.

There are no conditions or combination of conditions of release that can reasonably ensure that Bothra will appear in court. He maintains $8.5 million in an IRA, which he describes as a "liquid asset," as well as two real properties that are unencumbered by mortgage liens and are together valued at over $1 million. As the Sixth Circuit noted, these funds are more than sufficient to allow Bothra to abscond without notice through Canada, were he released. *U.S. v. Bothra*, Case No. 19-1092 (6th Cir. March 28, 2019). Not only does he have the means to escape, but a place to escape to. He has $1.2 million, real property, and immediate family members, in India, all of which he can rely upon to evade detection should he flee.

If Bothra's risk of flight can be constrained only by 24-hour supervision by law enforcement personnel, the Court should find that the appropriate means to accomplish that is pretrial detention. *See Valerio*, 9 F. Supp. 3d at 295.

### III. Pretrial Release is Not Necessary For Bothra to Assist in His Defense

Bothra's Sixth Amendment right to prepare for trial with the aid of counsel has not been impeded by his pretrial detention. Importantly, Bothra's counsel,

6

present and prior, have never before raised concerns about his access to computers, private spaces to review records, or a secure location to maintain the records. In his motion, Bothra lists several concerns for the first time relating to his detention, all of which are characteristic of any detained defendant; Bothra is not unique. His concerns have no bearing on whether conditions of release can ensure his presence at trial.

He complains that the records are too voluminous to review in a complex health care fraud case. Courts, however, have held that the breadth of discovery and complexity of a case are not bases upon which a detained defendant can seek pretrial release. *See U.S. v. Petters*, 2009 WL 205188, at *2 (D.Minn. Jan. 28, 2009) ("While this [fraud] case may, in fact, be complicated and require Defendant to review hundreds if not thousands of documents and meet with his lawyers for dozens of hours, that fact, standing alone, simply does not justify Defendant's release.... Indeed, accepting such an argument would mean that the more complicated the crime, the more likely a defendant should be released prior to trial. This is clearly an absurd result."); *U.S. v. Birbragher*, 2008 WL 2246913 (N.D.Iowa May 29, 2008) (denying temporary release in "an extremely complicated and document-intensive case").

Bothra complains that the protective order restricts his ability to review documents. This is incorrect. He may review documents containing personal

7

identifying information (PII) in the presence of counsel. (Dkt. No. 84). His counsel may also provide those same records, with the PII redacted, for Bothra to review on his own. The protective order also specifically allows him to review his own patient charts, which make up the vast majority of the discovery, on his own. *Id.* Any concern of revealing HIPAA-protected information could be mitigated by Bothra's request for a private room to review such records and a secure location to store them. To the government's knowledge, Bothra has not made any such requests.

Bothra complains about the amount of time it takes for his counsel to travel to and from Milan Detention Center, where he is being held (approximately 50-minute drive from Detroit). However, courts have held "while the defendant's incarceration is naturally inconvenient to him and his attorneys who must travel approximately 90 minutes each way to work with him, even when considered in conjunction with the complexity of this case and the bulk of documents contained in the discovery, trial-preparation inconvenience due to confinement is common to all incarcerated defendants and does not justify release." *U.S. v. Cecrle*, 2014 WL 31674, at *5 (D. Nev. Jan. 3, 2014).

According to his own motion, Bothra's counsel is permitted to visit him each day for 6.5 hours at the Milan Detention Center. Bothra has access to a law library computer that he may use for two hours at a time, unimpeded, and can reuse it

8

again after a 30 minute break. He is permitted to maintain personal legal records in his cell. He has sufficient time before trial (currently scheduled to begin January 7, 2020), to review the records. Bothra is not so restricted that he cannot participate in his own defense.

Even if Bothra needed additional resources, courts addressing a detained defendant's access to discovery materials, have repeatedly held that modification of the resources made available to the defendant is the appropriate resolution, not pretrial release. *See United States v. Dupree*, 833 F.Supp.2d 241, 249 (E.D.N.Y.2011) (deeming court's request that the detention center allow increased access to counsel, computers, and electronically stored evidentiary materials an "appropriate remedy" for defense-preparation concerns, rather than pretrial release); *United States v. Janis*, 820 F.Supp. 512, 515 (S.D.Cal.1992), aff'd 46 F.3d 1147 (9th Cir.1995), *cert den*. 516 U.S. 860 (1995) (ordering that the detention center provide detainee with "at least two hours of library time five days per week if [he] requests such time" and additional time leading up to his motion and trial dates); *United States v. Stanford*, 722 F.Supp.2d 803, 812 (S.D.Tex.2010) aff'd, 394 F. App'x 72 (5th Cir.2010) (release not necessary where "detention center granted defendants request to allow his legal team to enter the detention center with a laptop computer, external hard drive, and printer during each legal visit.").

Bothra's conditions do not prevent him from participating in his defense. Further, he has not requested from the government or the Court any additional resources be provided to him. Even, if the Court believes Bothra needs additional resources, it may order that Milan provide such resources. Pretrial release is not warranted.

## CONCLUSION

Bothra has not provided new and material information to suggest that there are conditions that reasonably assure he does not flee or will not be a danger to the community, as required by 18 U.S.C. § 3142(f)(2). Instead, Bothra has asked this Court to ignore the Court of Appeals and provide relief based on previously rejected arguments. His suggestion of hiring private security is inappropriate and his plea for pretrial release because he cannot participate in his defense is without merit. Neither are legitimate bases for the Court to grant pretrial release. Bothra's motion to re-open the detention hearing should be denied without hearing.

Dated:  August 12, 2019

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/Shankar Ramamurthy
SHANKAR RAMAMURTHY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-9562
shankar.ramamurthy@usdoj.gov

## **CERTIFICATION OF SERVICE**

      I hereby certify that on August 12, 2019, I electronically filed the foregoing Response using the ECF system, which will send notification of such filing to all ECF participants.

                                  s/Shankar Ramamurthy
                                  SHANKAR RAMAMURTHY
                                  Assistant United States Attorney
                                  211 W. Fort Street, Suite 2001
                                  Detroit, MI  48226-3211
                                  (313) 226-9562
                                  shankar.ramamurthy@usdoj.gov