UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:18-cr-20800-1

HONORABLE STEPHEN J. MURPHY, III

v.

D-1 RAJENDRA BOTHRA,

    Defendant.

                               /

**ORDER DENYING
DEFENDANT'S MOTION FOR REVOCATION
OF DETENTION ORDER AND FOR PRETRIAL RELEASE [117]**

Defendant Rajendra Bothra allegedly participated in a conspiracy involving several hundreds of millions of dollars in fraudulent health care billings and the unlawful prescription of millions of dosage units of Schedule II controlled substances. ECF 1, PgID 1–2. He is charged with: one count of health care fraud conspiracy, in violation of 18 U.S.C. § 1349; twelve counts of health care fraud, aiding and abetting, in violation of 18 U.S.C. §§ 1347, 2; one count of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1); and three counts of unlawful distribution of controlled substances, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2. On December 12, 2018, Magistrate Judge Mona K. Majzoub ordered Defendant detained until trial. ECF 62. The same day, Defendant filed his first emergency motion for revocation of the detention order and for pretrial release. ECF 63. After a hearing, the Court granted his motion and ordered Defendant released subject to several conditions.

1

ECF 82. The Government appealed that order to the Sixth Circuit, which reversed the revocation of the detention order and ordered Defendant detained until trial. ECF 105. On August 7, 2019, Defendant filed his second emergency motion for revocation of the detention order and for pretrial release. ECF 117.

## LEGAL STANDARD

Defendant now erroneously moves the Court to revoke the detention order under 18 U.S.C. § 3145(b). Section 3145(b) states that a person may ask the court to revoke or amend a detention order made "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and *other than a Federal appellate court*." (emphasis added). The detention order at issue here is the United States Court of Appeals for the Sixth Circuit's order reversing this Court's revocation of detention. ECF 105. Section 3145(b) therefore provides Defendant no recourse here and does not apply.

The Government correctly points out that the proper standard for this motion is under 18 U.S.C. § 3142(f)(2), which grants the Court discretion to reopen a detention hearing upon a showing that:

> 1) new information exists that was unknown to the movant at the time of the hearing; and 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community.

*U.S. v. Watson*, 475 Fed. Appx. 598, 600 (6th Cir. 2012). Specifically, "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

## DISCUSSION

Defendant raises three main arguments for why he should be released pending trial: (1) additional conditions would eliminate the risk of flight and danger to the community; (2) Defendant is not able to adequately prepare for trial while detained, particularly with the large number of confidential documents involved in the matter; and (3) Defendant is not a danger to the community. None of the arguments have merit and none therefore warrant reopening the detention hearing and releasing Defendant.

The Sixth Circuit already found that Defendant "has the motive, means, and a place to flee . . . [and] his history and characteristics support his detention." ECF 105, PgID 508. Nothing has changed in this case since the Sixth Circuit reversed the Court and ordered Defendant detained until his trial. Defendant has provided the Court no new information or reasoning to revoke the detention order. The Court will therefore deny the motion.

I. Sufficiency of the Proposed Conditions

The proposed conditions are not sufficient to warrant revoking the detention order. The Sixth Circuit held that the initial conditions that were to be imposed on Defendant's release—which included 24/7 home incarceration with GPS monitoring—were "not sufficient to ensure appearance." ECF 105, PgID 509. In his motion, Defendant requests those same conditions plus the addition of hiring a private security firm to monitor his 24/7 house arrest. ECF 117, PgID 551. But merely adding monitoring by a private security firm will not alter the balance of the factors to warrant revoking detention and releasing Defendant pending trial. *See U.S. v.*

3

*Dermen*, No. 19-4047, 2019 WL 2480133, at *1 (10th Cir. June 13, 2019) ("[I]f his risk of flight can be constrained only by constant supervision by private security personnel that are willing to use physical force, . . . the appropriate means to accomplish that is pretrial detention.") (citations omitted).

II. <u>Ability to Prepare for Trial</u>

Defendant will be able to adequately prepare for trial even while detained. It is customary for defendants and their counsel to prepare for trial while the defendant is detained. The fact that the case is complex and has extensive discovery does not mandate revoking detention. *See United States v. Meeks*, No. 10-20123, 2011 WL 4407448, at *8 (E.D. Mich. Sept. 22, 2011) (denying defendant's request to reopen detention hearings and release him even though the underlying case was "of exceptional complexity" and required extensive document review and preparation); *see also U.S. v. Petters*, No. 08-364 (RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009) (finding that the fact that a case is complicated and involves thousands of documents "simply does not justify Defendant's release. . . . Indeed, accepting such an argument would mean that the more complicated the crime, the more likely a defendant should be released prior to trial. This is clearly an absurd result."). Defendants and their attorneys are permitted to meet in private rooms in the prison, so any concern over the unauthorized disclosure of confidential HIPAA documents is meritless.

Additionally, the fact that Defendant would have to prepare for trial while detained is not a new fact. When the Sixth Circuit mandated that Defendant be

detained until trial, it was aware that Defendant's counsel would be required to travel to the prison and meet with Defendant under the prison's set guidelines to prepare for trial, and that the case was complex and required extensive review of confidential information. The Court is therefore not persuaded to reopen the detention hearing based on Defendant's need to prepare for trial.

III. <u>Flight Risk and Danger to the Community</u>

The Sixth Circuit found that the factors weighing Defendant's danger to the community and flight risk supported detention. ECF 105, PgID 507. In his second motion to revoke detention, Defendant fails to raise any new facts that would change the analysis. He merely restates his age, which has been known from the outset of the case, and reiterates how hard it has been for him to prepare for trial while being detained. ECF 117, PgID 555. Neither assertion adds any new information that would alter the balance of the factors.

The Sixth Circuit was clear: Defendant must be detained pending his trial. ECF 105, PgID 509. Defendant disagrees with the Sixth Circuit's reversal of the Court's initial revocation of detention but provides no new information on which to base a different outcome; rather his motion merely seeks to rehash the arguments previously rejected by the panel.

The Court will therefore deny the motion.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for revocation of the detention order [117] is **DENIED**.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: August 23, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 23, 2019, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager