UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

Case No. 2:18-cr-20800-1

HONORABLE STEPHEN J. MURPHY, III

v.

D-1 RAJENDRA BOTHRA,

   Defendant.
             /

### OMNIBUS ORDER

Defendant Rajendra Bothra allegedly participated in a conspiracy that involved hundreds of millions of dollars in fraudulent health care billings and the unlawful prescription of millions of dosage units of Schedule II controlled substances. ECF 1, PgID 1–2. He has been charged with 17 counts of various health care and drug distribution crimes. *Id.* at 8–13, 27–28. On December 12, 2018, Magistrate Judge Mona K. Majzoub ordered Defendant detained pending trial. ECF 62. The Court initially revoked Defendant's detention order, ECF 82, but the Sixth Circuit reversed and ordered him detained pending trial, ECF 105.

Since the Sixth Circuit issued its mandate, Defendant has made numerous attempts to obtain pretrial release. *See* ECF 117, 127, 171 (under seal), 172, 179, 188. All of those attempts have been denied. *See* ECF 126, 149, 187 (under seal). Defendant's most recent attempt was an emergency motion for pretrial release due to the COVID-19 pandemic, ECF 179, which the Court denied, ECF 187 (under seal).

1

Presently before the Court is Defendant's motion for reconsideration of its denial of his emergency motion for pretrial release due to the COVID-19 pandemic. ECF 188.

But first, the Court must address numerous filings and communications related to the motion for reconsideration and the underlying motion. The same day that Defendant filed his motion for reconsideration, Defendant's counsel emailed the Court's case manager with additional substantive materials. The email was an improper attempt to argue why certain facts in the case merited a particular outcome and was, indeed, an ex parte communication on the merits of the case directed to the Court and therefore wholly inappropriate. Two days later, after the case manager returned the materials unopened, Defendant filed a supplemental brief in support of his motion for reconsideration. ECF 190. But "[u]nless the [C]ourt permits otherwise, each motion . . . must be accompanied by a single brief." E.D. Mich. LR 7.1(d)(1). Defendant did not seek leave to file a supplemental brief to his motion for reconsideration. The Court will therefore strike his supplemental brief.

Likewise, the Court will strike the Government's response to Defendant's motion for reconsideration. The non-moving party is not entitled to file a response to a motion for reconsideration, absent leave from the Court. E.D. Mich. LR 7.1(h)(2). The Government failed to seek leave to file their response. The Court will therefore grant Defendant's motion to strike the Government's response brief. Thus, as it relates to the present motion, the Court will only consider the initial brief submitted by Defendant. And the parties are warned that further impermissible

communications or filings without first seeking leave of Court may result in negative consequences.

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A palpable defect is one that is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citation omitted). A motion for reconsideration will not be granted if it "merely present[s] the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

Here, Defendant raised five arguments for why the Court erred in denying his emergency motion for pretrial release due to the COVID-19 pandemic. But each argument lacks merit. First, he argued that the Court incorrectly stated that there were no confirmed COVID-19 cases at FCI Milan. ECF 188, PgID 1265. And he stated that the count rose now to at least 12 confirmed cases. *Id*. Although the Court did not have updated information related to the number of confirmed cases at Milan when it issued its initial order, the new data does not alter the Court's analysis. As the Court stated, Defendant "faces a risk of exposure both inside and outside prison." ECF 187, PgID 1260 (under seal). The number of cases within broader Michigan is significantly more than those within FCI Milan. And the Bureau of Prisons has implemented a

3

series of actions to combat exposure to and the spread of COVID-19, including prohibiting outside visitors into the facility, suspending inmate movement, screening inmates and staff, providing additional staff training, and providing face masks. *See BOP Implementing Modified Operations*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_status.jsp.

Defendant, while detained at Milan, can receive his required medical care, speak with his counsel and family, and live safely in a controlled and screened facility. Whereas, if released to home confinement, he would be in a significantly less controlled environment where his wife and daughter might come and go to assist in the receipt of medical care and obtain household essentials; where he would face exposure from having to receive outside medical attention; and where he would have consistent contact with pretrial services, which has been significantly affected by the pandemic. FCI Milan is well equipped to combat the spread of COVID-19 and to care for Defendant if he is exposed. Defendant's claim that the Court erred in denying his release based on its inaccurate assertion of the number of confirmed COVID-19 cases at the prison therefore lacks merit.

Second, Defendant argued that it was a palpable defect for the Court to find that he is in a more controlled environment at Milan than on release in his home. ECF 188, PgID 1265. As explained above, the Court did not err in its determination. ECF 187, PgID 1260 (under seal). Defendant's second argument also fails.

Defendant's last three arguments—relating to the Attorney General's recent mandate related to pretrial detention, the differences in conditions inside versus

4

outside of detention, and his hindered right to counsel—were all previously raised, fully considered, and rejected by the Court. *See* E.D. Mich. LR 7.1(h)(3). The Court already explained its reasoning for denying his emergency motion for release, ECF 187 (under seal), and Defendant failed to provide any new or persuasive information to convince the Court that its decision was faulty or to warrant reconsideration of its decision. The Court will therefore deny Defendant's motion for reconsideration.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for reconsideration [188] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike the Government's response to his motion for reconsideration [196] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's response to Defendant's motion for reconsideration [192] is **STRICKEN**.

**IT IS FURTHER ORDERED** that Defendant's supplement brief in support of his motion for reconsideration [190] is **STRICKEN**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 21, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager