UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:18-cr-20800-1

HONORABLE STEPHEN J. MURPHY, III

v.

RAJENDRA BOTHRA,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR REVOCATION OF DETENTION ORDER [292]**

Defendant Rajendra Bothra has been charged with seventeen counts of various health care and drug distribution crimes. ECF 1, PgID 8–13, 27–28. In August 2021, Defendant filed yet another motion in a long line of attempts to obtain pretrial release. ECF 292. Almost three years ago, Magistrate Judge Mona K. Majzoub ordered Defendant detained pending trial. ECF 62. The Court initially revoked Defendant's detention order, ECF 82, but the Sixth Circuit reversed and ordered him detained pending trial, ECF 105. Defendant then moved several times for pretrial release, *see* ECF 117; 172; 179; 188; 230; 243; and 248, all of which have been denied, *see* ECF 126; 187 (under seal); 209; 236; 245; and 256. The Sixth Circuit has also held—five times—that Defendant must remain detained pending trial. ECF 105; 149; 228; 254; 263.

In the present motion, Defendant relied on 18 U.S.C. § 3145(b) and § 3142(f) to challenge his detention. ECF 292, PgID 2126–27. Defendant also argued that his

1

pretrial detention violates the Due Process Clause of the Fifth Amendment. *Id.* at 2128. The Court will first address the statutory arguments. After, the Court will address the due process argument.

Under § 3142(f), a Court may reopen a detention hearing only upon a showing that (1) "new information exists that was unknown to the movant at the time of the hearing," and (2) "the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure" appearance at trial and safety of the community. *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (drawing from 18 U.S.C. § 3142(f)(2)). Specifically, "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant has offered no new information to support his release. Instead, Defendant's argument in the current motion centers on Defendant's decreased ability to flee in the face of COVID-19 restrictions that both limit travel and make travel unappealing due to the risks associated with contracting COVID-19 at a destination. ECF 292, PgID 2127–28. But as binding Sixth Circuit precedent has repeatedly held, Defendant is a flight risk with the motive, means, and place to flee. *See United States v. Bothra*, No. 20-1364, 2020 WL 2611545, *1–2 (6th Cir. May 21, 2020) (ECF 228); *United States v. Bothra*, No. 19-1953, 2019 WL 8883664, at *2 (6th Cir. Nov. 5, 2019) (ECF 149); *United States v. Bothra*, No. 19-1092, 2019 WL 8883547, at *2 (6th Cir. Mar. 28, 2019) (ECF 105). The Sixth Circuit has been particularly concerned about Defendant's ties to India, that Defendant misrepresented his contacts and assets in

India before the Court, and that Defendant would be on bond near Canada. *Bothra*, 2019 WL 8883547, at *1–3. Defendant now argues that COVID-19 is particularly bad in India as of August 2021 and that the border between the United States and Canada is "essentially closed" because of the pandemic. ECF 292, PgID 2127–28. Defendant has raised both arguments in a previous motion for release from detention, so the information cannot be considered new or unknown to Defendant at the time of the previous motions. *See* ECF 179, PgID 1195 (noting that India locked down due to the pandemic and that the border between the United States and Canada was closed to non-essential workers). Because Defendant has offered no new information that changes the likelihood Defendant would flee while on bond given his motive and means, the Court will not reopen Defendant's detention hearing under Section 3145(b).

As for the due process argument, the Sixth Circuit has held that Defendant's detention does not violate due process, and nothing has changed since the Sixth Circuit's holding. ECF 254, PgID 1725–27. Only when pretrial detention amounts to "punishment of the detainee" is there a Fifth Amendment due process violation. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). As the Sixth Circuit held in the November 2020 order affirming Defendant's detention, "[i]n determining whether detention is punishment, we consider the length of the detention, the extent of the government's responsibility for any delay in trial, the gravity of the charges, and the strength of the evidence against the defendant." ECF 254, PgID 1725 (citing *Watson*, 475 F. App'x

3

at 601). Applying the four-factor test to Defendant's case shows that there is no due process violation.

For the first factor, the Sixth Circuit noted that "for complex cases involving extensive conspiracies, lengthy detention has been found constitutional." *Id*. (citations omitted). The Sixth Circuit ultimately held that the factor weighed against finding a due process violation given the complexity of Defendant's case, the need for extensive discovery, and the number of defendants and witnesses involved. *Id*.

For the government fault factor, the Sixth Circuit held that delays before the COVID-19 pandemic largely stemmed from joint agreements between the parties to adjourn the trial. *Id*. at 1726. And the Sixth Circuit held that "the delay attributable to the pandemic is beyond the government's control." *Id*. The COVID-19 pandemic and the need to take precautions for jury trials continue to delay the trial. *See* 21-AO-023; 20-AO-039. The pandemic remains beyond the government's control. *See* ECF 254, PgID 1726. The factor thus weighed, and continues to weigh, against a finding of a due process violation.

The Sixth Circuit then held that Defendant was such a significant flight risk that the risk also weighed against finding a due process violation. *Id*. As discussed above, external circumstances have not changed since that time.

Finally, the Sixth Circuit held that the offenses with which Defendant is charged are serious and weigh against finding a due process violation. *Id*. at 1726–27. The charges against Defendant remain the same as they were at the time of the Sixth Circuit's November 2020 order. Defendant allegedly was the mastermind of a

4

nearly half a billion dollar health care fraud scheme, an illegal distributor of millions of Schedule II opioids, and the prescriber of "unnecessary and painful procedures or highly addictive drugs to hundreds of patients." *Id*. The factor therefore weighs against the finding of a due process violation given the seriousness of the alleged offenses. Because the factors weigh against finding a due process violation, the Court will reject the argument and deny the motion.

Before concluding, in the interests of judicial economy and the preservation of the resources of the Court, the Sixth Circuit, the United States Attorney's Office, and Defendant, the Court will continue to require Defendant to seek leave from the Court before filing any future pretrial release motions. *See* ECF 256, PgID 1734–35. Failure to do so will lead to the motion being stricken from the record. *Id*.

Last, the Court is sympathetic toward Defendant's circumstances and has prioritized the case for trial in the coming months so that Defendant's pretrial detention can end. The Court hopes that circumstances will allow the trial to occur as soon as possible.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for revocation of detention [292] is **DENIED.**

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: October 8, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 8, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
