UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,        Honorable Stephen J Murphy III

-vs-

DR RAJENDRA BOTHRA        Case No 18-cr-20800

        Defendant,
_____/

## BRIEF IN SUPPORT OF MOTION TO STRIKE SURPLUSAGE

ANJALI PRASAD (P 75771)
ARTHUR JAY WEISS (P 25225)
Attorneys for Defendant BOTHRA
30445 Northwestern Highway
Suite 225
Farmington Hills, Michigan 48334-3158
(248) 855-5888
arthurweiss@ajweisslaw.com

# TOPICAL INDEX

   Page

TABLE OF AUTHORITIES     ii

QUESTION PRESENTED     vi

CONTROLLING AUTHORITIES     vii

STATEMENT OF FACTS     1

ARGUMENT

    I.   RULE 7 (d) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE IS PROPERLY INVOKED WHEN AN INDICTMENT CONTAINS NONESSENTIAL ALLEGATIONS WHICH COULD PREJUDICE THE DEFENDANT.     3

RELIEF REQUESTED     6

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*United States v Berroa*,
    856 F 3d 141 (1st Cir 2017). ................................................................... 3

*United States v Bill Harbert Intern Const Inc*,
    608 F 3d 871 (DC Cir 2010). ................................................................... 5

*United States v Brighton Bldg & Maintenance Co*,
    435 F Supp 222 (ND Ill 1977). ................................................................ 4

*United States v Cooper*,
    384 F Supp 2d 958 (WD Va 2005). ......................................................... 6

*United States v De Bruhl-Daniels*,
    491 F Supp 3d 237 (SD Tex 2020). ......................................................... 4

*United States v Elder*,
    90 F 3d 1110 (6th Cir 1996). ................................................................... 2

*United States v Gupta*,
    747 F 3d 111 (2d Cir 2014). .................................................................... 5

*United States v Hatfield*,
    685 F Supp 2d 320 (ED NY 2010). ......................................................... 6

# TABLE OF AUTHORITIES (Continued)

Page

## FEDERAL CASES (Continued)

*United States v Hsia*,
    24 F Supp 2d 14 (D DC 1998).     4

*United States* v *Hofstetter*,
    2019 WL 4232294 (ED Tenn 2019).     4, 6

*United States v Holmes*,
    2021 WL 2044470 (ND Cal 2021).     5, 6

*United States v Johnson*,
    256 F Supp 3d 755 (MD Tenn 2017).     3

*United States v Kemper*,
    503 F 2d 327 (6th Cir 1974).     4

*United States v Lewis*,
    40 F 3d 1325 (1st Cir 1994).     3

*United States v Pacific Gas and Electric Co*,
    2016 WL 3742516 (ND Cal 2016).     5

*United States v Poore*,
    594 F 2d 39 (4th Cir 1979).     6

## TABLE OF AUTHORITIES (Continued)

                    Page

### FEDERAL CASES (Continued)

*United States v Robinson*,
    2017 WL 11496710 (D DC 2017).     5

*United States v Singhal*,
    876 F Supp 2d 82 (D DC 2012).     3

*United States v Stahl*,
    616 F 2d 30 (2d Cir 1980).     5, 6

*United States v Torres-Gonzalez*,
    526 F Supp 2d 210 (D PR 2007).     6

*United States v Torres-Laranega*,
    476 F 3d 1148 (10th Cir 2007).     2

*United States v Trie*,
    21 F Supp 2d 7 (D DC 1998).     5

### FEDERAL STATUTES

18 USC § 2     1, 2

18 USC § 1347     1, 2

# TABLE OF AUTHORITIES (Continued)

Page

FEDERAL STATUTES (Continued)

18 USC § 1349     1, 2

21 USC § 841     1, 2

21 USC § 841 (a) (1)     1, 2

21 USC § 846     1, 2

21 USC § 848 (c) (2) (B)     2

FEDERAL RULES OF CRIMINAL PROCEDURE

Rule 7 (d)     2, 3, 4

SECONDARY SOURCES

*Black's Law Dictionary* 1581 (9th ed 2009)     3

## QUESTION PRESENTED

### I.

Is Rule 7 (d) of the Federal Rules of Criminal Procedure properly invoked when an indictment contains nonessential allegations which could prejudice the Defendant?

## CONTROLLING AUTHORITIES

*United State v Stahl*, 616 F 2d 30 (2d Cir 1980).

*United States v Holmes*, 2021 WL 2044470 (ND Cal 2021).

## STATEMENT OF FACTS

The Defendant, DR RAJENDRA BOTHRA, is one (1) of five (5) Defendants presently accused in seventeen (17) counts of a fifty-six (56) count Indictment (ECF No 1 Pg ID 1) with health care fraud conspiracy, 18 USC § 1349; health care fraud, aid and abetting, 18 USC §§ 1347, 2; conspiracy to distribute and possess with intent to distribute controlled substances, 21 USC §§ 846, 841 (a) (1); and unlawful distribution of controlled substances, aiding and abetting, 21 USC § 841 (a) (1), 18 USC § 2.

More particularly, Dr Bothra is accused of "creat[ing] and execut[ing] a scheme or pattern of illegal conduct involving fraudulent health care billings and unlawful prescribing of prescription drug controlled substances" (ECF No 1 Pg ID 2 ¶ 1). As understood by counsel, this purported "scheme" accuses your Defendant with "submitting …claims…for services that were *medically unnecessary*" (ECF No 1 Pg ID 11-12 ¶¶ 25-26) (emphasis added) and issuing prescriptions for "opioids…*outside the usual course of professional medical practice*" (ECF No 1 Pg ID 27-28 ¶¶ 42-43) (emphasis added).

Unlike 21 USC § 848 (c) (2) (B), the offenses alleged in our indictment[1] (ECF No 1 Pg ID 1) do not possess an element mandating the accused "obtain[ed] substantial income or resources"[2] as a result of the criminal endeavor.

Nonetheless, the indictment at bar contends "the submission of claims for more than $182.5 Million to Medicare, $272.6 Million to Medicaid, and $9.2 Million to Blue Cross/Blue Shield of Michigan...." (ECF No 1 Pg ID 2 ¶ 2); "the defendants ... unlawfully enrich[ed] themselves...." (ECF No 1 Pg ID 9 ¶ 23); and the defendants "divert[ed the] proceeds of the[ir] fraud for the[ir] personal use and benefit...." (ECF No 1 Pg ID 10, 12 ¶¶ 23, 25).

Exacerbating this situation is the government's disclosure, on or about Thanksgiving 2021, of approximately sixty-seven thousand (67,000) pages of financial records apparently designed to buttress the aforementioned prejudicial and unnecessary allegations.

Inasmuch as these allegations are prejudicial and unnecessary, they constitute impermissible surplusage which should be striken, Fed R Crim Pro 7 (d).

---

[1]  18 USC §§ 2, 1347, 846; 21 USC §§ 841 (a) (1), 846.

[2]  21 USC § 848 (c) (2) (B); *see, e g, United States v Torres-Laranega,* 476 F 3d 1148, 1154 (10th Cir 2007); *United States v Elder,* 90 F 3d 1110, 1120-1123 (6th Cir 1996).

2

## ARGUMENT

I. RULE 7 (d) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE IS PROPERLY INVOKED WHEN AN INDICTMENT CONTAINS NONESSENTIAL ALLEGATIONS WHICH COULD PREJUDICE THE DEFENDANT.

### A.

Rule 7 of the Federal Rules of Criminal Procedure provide "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." The term "surplusage" is defined as "redundant words in a statute or legal instrument," "language that does not add meaning," and "extraneous matter in a pleading." *Black's Law Dictionary* 1581 (9th ed 2009), *cited* in *United States v Singhal*, 876 F Supp 2d 82, 102 (D DC 2012).

This rule "serves to 'protect the defendant against immaterial or irrelevant allegations in an indictment, …which may…be prejudicial.'" *United States v Berroa*, 856 F 3d 141, 157 (1st Cir 2017) [*quoting United States v Lewis*, 40 F 3d 1325, 1346 (1st Cir 1994).]; *accord*: *United States v Johnson*, 256 F Supp 3d 755, 759 (MD Tenn 2017).

3

In fact, the Advisory Committee's notes to Subdivision 7 (d) explains it "introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." *United States v Hofstetter*, 2019 WL 4232294 *3 (ED Tenn 2019) (citation omitted).

In other words, Rule 7 (d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors."[3] *United States v Kemper*, 503 F 2d 327, 329 (6th Cir 1974); *United States v Hofstetter*, 2019 WL 4232294 *3 (ED Tenn 2019).

> The purpose of (rule 7 (d)) is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts. Prosecutors have been known to insert unnecessary allegations for "color" or "background" hoping that these will stimulate the interest of the jurors.
> C. Wright, *Federal Practice and Procedure* s 127, at 277 (1969). *United States v Brighton Bldg & Maintenance Co*, 435 F Supp 222, 230 (ND Ill 1977).

Accordingly, "[l]anguage that alleges facts 'beyond those which comprise the elements of the crime' is surplusage." *United States v De Bruhl-Daniels*, 491 F Supp 3d 237, 252 (SD Tex 2020) (citations omitted).

---

[3] This problem is exacerbated when the Court provides a copy of the Indictment to the jury for their deliberations, *see generally, United States v Hsia*, 24 F Supp 2d 14, 24 (D DC 1998).

4

B.

The purported "success of a scheme to defraud is irrelevant for purposes of prosecution for the scheme under the" enactments alleged in our indictment. *See, United States v Trie*, 21 F Supp 2d 7, 20 (D DC 1998); *accord*: *United States v Robinson*, 2017 WL 11496710 *1 (D DC 2017). Similarly, evidence of "greed," *see, e g, United States v Pacific Gas and Electric Co*, 2016 WL 3742516 *3 (ND Cal 2016) or "wealth," *see, e g, United States v Gupta*, 747 F 3d 111, 138 (2d Cir 2014); *United States v Bill Harbert Intern Const Inc*, 608 F 3d 871, 896-898 (DC Cir 2010), are "unfairly prejudicial."

With due respect, the government cannot "engage in a continuous course of conduct designed to equate wealth with wrongdoing and to appeal to the potential bias of not-so-wealthy jurors against a very wealthy [defendant]," *see generally, United States v Stahl*, 616 F 2d 30, 31-32 (2d Cir 1980); *see also, United States v Holmes*, 2021 WL 2044470 **5-6 (ND Cal 2021).

Exacerbating this situation is the government's disclosure, on or about Thanksgiving 2021, of approximately sixty-seven thousand (67,000) pages of financial records apparently designed to buttress the aforementioned prejudicial and unnecessary allegations.

## C.

It is evident the complained of allegations are unnecessary, *see, United States v Cooper*, 384 F Supp 2d 958, 959-960 (WD Va 2005); possess "a good chance of confusing the jury," *United States v Hatfield*, 685 F Supp 2d 320, 324 (ED NY 2010); and are exceedingly prejudicial, *see, United States v Stahl, supra,* 616 F 2d at 31-32; *United States v Holmes, supra*, 2021 WL 2044470 **5-6.

Accordingly, the same should be stricken,[4] *see, e g, United States v Poore,* 594 F 2d 39, 40-43 (4th Cir 1979); *United States v Torres-Gonzalez*, 526 F Supp 2d 210, 211-213 (D PR 2007).

## RELIEF REQUESTED

WHEREFORE, the Defendant, RAJENDRA BOTHRA, respectfully prays this Honorable Court Strike as Surplusage the Pertinent Portions of the Indictment and Suppress from Evidence the Approximately Sixty-Seven Thousand (67,000) Pages of Financial Records.

---

[4] Since Dr Bothra is an accused in the counts which contain the language sought to be striken, he has standing to present this motion, *see generally*, *United States v Hofstetter, supra*, 2019 WL 4232294 *4.

6

Respectfully submitted,

ANJALI PRASAD
ARTHUR JAY WEISS

/s/ Arthur Jay Weiss
ARTHUR JAY WEISS (P 25225)
Attorneys for Defendant BOTHRA
30445 Northwestern Highway
Suite 225
Farmington Hills, Michigan  48334-3158
(248) 855-5888
arthurweiss@ajweisslaw.com

Dated: February 10, 2022.

7