UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 18-CR-20800 |
| Plaintiff, | HON. STEPHEN J. MURPHY III |
| v. | |
| D-1   DR. RAJENDRA BOTHRA, | |
| Defendant. | |
|_____/ | |

### GOVERNMENT'S RESPONSE IN OPPOSIITON TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

NOW COMES, the United States of America, by and through undersigned counsel, to oppose Defendant's Motion for Revocation of Detention Order (ECF No. 340). Defendant Dr. Rajendra Bothra submits yet another request for bond despite any material change in circumstances that would merit reopening his detention hearing. Additionally, Bothra's continued pretrial detention does not violate due process given that he remains a significant flight risk with the means and motive to flee prosecution of extremely significant and serious controlled substance and health care fraud charges. Dr. Bothra's motion should be denied.

I.      **BACKGROUND & PROCEDURAL HISTORY**

Dr. Bothra is currently detained while facing charges in one of the largest health care fraud and drug distribution conspiracies in history. *See* ECF No. 1. He has filed **<u>numerous</u>** motions for pretrial release focusing on his medical condition,

1

the Speedy Trial Act, the COVID-19 pandemic, access to counsel, and conditions of confinement; and now files his third request claiming continued detention is a due process violation. *See* ECF No. 63, 89, 117, 127, 179, 188, 220, 230, 243, 248, 292. Each of these motions have been denied and the Sixth Circuit has now *six* times denied pretrial release continually finding that Dr. Bothra presents a significant risk of flight that is not outweighed by any of his claims for release. *See* ECF No. 62, 105, 126, 149, 150, 187 (under seal), 209, 228, 236, 245, 254, 256, 263, 302, 325.

Trial was originally scheduled in this matter for February 2019. However, given the complexities of the case and the serious nature of the charges that the defendants faced, that trial date was adjourned on three separate occasions by agreement of all parties, including Bothra. ECF No. 81, 110, 130. On March 13, 2020, the district court entered an administrative order (20-AO-021) continuing all criminal matters in light of COVID-19 concerns. Because of the administrative order, the government moved to adjourn trial. ECF No. 237. This Court granted that motion, finding that the ends of justice served by the continuance outweighed the best interests of the public and the defendants in a speedy trial. ECF No. 239. In November 2020 and May 2021, all parties (except for Bothra) again moved the Court for an adjournment of the trial date because the Court had further extended its administrative actions delaying all in-person court proceedings and trials to a date to be determined. *See* ECF No. 250, 255. Most recently on December 29,

2

2021, Dr. Bothra filed his own motion to adjourn the trial in this case. ECF No. 327 (sealed). The Court has in all adjournments found that the ends of justice served by the continuance outweighed the best interest of the public and parties in a speedy trial. *See* ECF No. 255, 286, 329. Trial is now set for May 17, 2022.

Bothra filed the instant motion stating that his due process rights are violated by any continued detention pending trial. ECF No. 340, PageID.2515.

## II.  ARGUMENT

Dr. Bothra's motion should be denied because there is no change in circumstances that warrants reopening his detention hearing and his continued detention is not a violation of due process.

### A.  *Reopening Detention Hearing*

A detention hearing may only be reopened at the discretion of the Judge and upon a showing that "1) new information exists that was unknown to the movant at the time of the hearing; ***and*** 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *See* 18 U.S.C. § 3142(f)(2), *U.S. v. Watson*, 475 Fed. Appx. 598, 600 (6th Cir. 2012) (emphasis added). Specifically, "***the new information must be of a nature that would increase the likelihood that the defendant will appear at trial***

3

and would show that the defendant is less likely to pose a danger to the community." *Id.* (emphasis added).

Bothra presents no new information that **_materially_** abrogates his risk of flight. As previously argued and held by this Court and the Sixth Circuit, Bothra presents a risk of flight and has the motive, means, and a place to flee; such that there are no conditions of release that would assure his appearance at trial. ECF No. 263 (*United States v. Bothra*, No. 20-2175, 2020 WL 753435 (6th Cir. Feb. 25, 2021)); ECF No. 254 (*United States v. Bothra*, No. 20-2046 (6th Cir. Nov. 20, 2020)); ECF No. 228 (*United States v. Bothra*, No. 20-1364, 2020 WL 2611545 (6th Cir. May 21, 2020)); ECF No. 149 (*United States v. Bothra*, No. 19-1953, 2019 WL 8883664 (6th Cir. Nov. 5, 2019)); ECF No. 105 (*United States v. Bothra*, No. 19-1092, 2019 WL 8883547 (6th Cir. Mar. 28, 2019)). Because nothing that Bothra presents in the instant motion materially changes that determination, this Court should not reopen his detention hearing.

**B.    Due Process**

Bothra argues that his due process rights are being violated by any continued detention pending trial. However, this Court has previously held that "the balancing factors for determining a due process violation warrant Defendant's continued pretrial detention." *See* ECF No. 245, PageID.1650; *see also* ECF No. 302, PageID.2233. This Sixth Circuit has also twice affirmed that finding. *See* ECF

4

No. 325 (*United States v. Bothra*, No. 21-1612, (6th Cir. Dec. 15, 2021)); ECF No. 254 (*United States v. Bothra*, No. 20-2046 (6th Cir. Nov. 20, 2020)). In evaluating Bothra's due process claims, the Court looks to the (1) length of detention, (2) extent of government's responsibility for the delay, (3) gravity of the charges, and (4) strength of the evidence for the detention. *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

The only substantive change in the *Watson* factors since Bothra's last due process motion is the length of detention.[1] As this Court noted, "[t]he length of pretrial detention is not dispositive, and will, by itself, rarely offend due process." ECF No. 245, PageID.1649 (*citing Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) and *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000)). "There is 'no bright-line limit on the length of pretrial detention.'" ECF No. 254, PageID.1725 (*citing United States v. Briggs*, 697 F.3d 98, 101 (2d Cir. 2012)). "There is no particular point at which a valid pretrial detention becomes unconstitutionally excessive; rather, the determination depends on the individual circumstances." *United States v. Nagi*, No. 09-1995 at p. 3 (6th Cir. Dec. 14, 2009).

Lengthy pretrial detentions (similar to the one at bar) have been upheld. This Court has recently evaluated this issue and ruled that a 44-month detention

---

[1] Because there have been no substantive changes in the circumstances surrounding Bothra's continued pretrial detention, the government hereby incorporates its arguments in opposition to the due process violation claims in Bothra's previous filings. *See* ECF No. 244, 295.

was not unprecedented and did not offend due process – the Sixth Circuit affirmed. *See United States v. Tawfik*, No. 17-CR-20183-2, 2020 WL 9264552, at *2 (E.D. Mich. Dec. 11, 2020), aff'd, 852 F. App'x 965 (6th Cir. 2021). Other courts have similarly found that lengthy pretrial detention does not violate due process rights.[2]

In evaluating the remaining three *Watson* factors, this Court and the Sixth Circuit have found that they all weigh against finding a due process violation. First, despite Bothra's claims, discovery productions are not the cause of the trial delay. Bothra spends most of his motion rehashing the electronic medical record (EMR) issue. ECF No. 304, PageID.2512-2515. Despite his claims, the government produced the EMR systems to the defense back in May 2020, and the actual computers that housed access the EMR systems were return to Dr. Bothra's counsel even earlier than that in September of 2019.

Moreover, the first three adjournments in this case were done at Bothra's behest. *See* ECF No. 81, 110, 130. The following two adjournments, which Bothra

---

[2] *See United States v. Noble,* 2020 WL 3487845 (W.D. Pa. June 26, 2020) (41-month pretrial detention was not a violation of due process); *United States v. Flores,* 2018 WL 3530837, at *2 (C.D. Cal. July 20, 2018) (43-month detainment, where the total detainment was expected to last for 52 months, did not violate due process); *United States v. Speed*, 2013 WL 6531950 (W.D.N.Y. Dec. 12, 2013) (court upheld a pretrial detention expected to last for 55 months); *United States v. Nagi,* No. 09-1995 at p. 3 (6th Cir. Dec. 14, 2009)*; United States v. El-Hage*, 213 F.3d 74 (2d Cir. 2000) (30-33 months detention - no violation of due process); *United States v. Millan*, 4 F.3d 1038 (2d Cir. 1986) (30 months pretrial detention - no violation of due process); *United States v. Mohammad*, 2018 WL 1185249 (N.D. Ohio) (29 month pretrial detention does not violate due process).

opposed, were strictly based on the Court's administrative action to postpone in-person trials due to COVID-19, which has been held not to be the fault of the government. ECF No. 245, PageID.1649; ECF No. 302, PageID.2332; ECF No. 254, PageID.1726; ECF No. 325, PageID.2332. The most recent request to adjourn was filed by Bothra requesting more time to review discovery. ECF No. 327 (sealed). While the government did make an additional discovery production, it did so in accordance with a court order, authorizing production at that time. Nonetheless, it should also be noted that because of the ongoing limited court operations due to COVID-19 pandemic, the Court was not able to hold a multi-defendant trial at the scheduled date. Based on these facts, the "fault" factor weighs against a finding that continued detention constitutes a due process violation.

Second, the bond status of Bothra's co-defendants has nothing to do with the gravity of the charges. As this Court found, Bothra has conceded that the charges against him are serious. ECF No. 245, PageID.1649 (*citing* ECF 243, PageID.1628). "The extent of [Bothra's] charges and the severity of the potential penalties show the severity of the charges against him, and weigh against a due process violation." *Id*. The fact that his co-defendants are on bond has no calculus in the due process evaluation, as it is evaluated on a case-by-case basis. ECF No. 325, PageID.2332 (citing *Watson*, 475 F.App'x at 601).

7

Finally, there have been 15 decisions between this Court and the Sixth Circuit that evaluate the strength of the evidence for detention and repeatedly determined that Bothra is a serious risk of flight. *See* ECF No. 62, 105, 126, 149, 150, 187 (under seal), 209, 228, 236, 245, 254, 256, 263, 302, 325. Therefore, this factor also weighs against finding a due process violation.

### III.  CONCLUSION

Dr. Bothra has not put forth any information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance at trial. Consistent with this Court and the Sixth Circuit's prior rulings, Bothra remains a flight risk and his continued pretrial detention does not violate due process. For these reasons, the government respectfully requests that the Court deny Bothra's motion to revoke his detention order.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/BRANDY R. MCMILLION
Brandy R. McMillion
Brandon C. Helms
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9622
Email: brandy.mcmillion@usdoj.gov
Email: brandon.helms@usdoj.gov

Dated: March 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/Brandy R. McMillion*
Brandy R. McMillion
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9622
brandy.mcmillion@usdoj.gov