UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

RAJENDRA BOTHRA,

           Defendant.

_____/

Case No. 2:18-cr-20800-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR REVOCATION OF DETENTION
ORDER [340] AND DENYING MOTION TO FILE AN ADDENDUM [369]**

Defendant Dr. Rajendra Bothra has been charged with seventeen counts of various health care and drug distribution crimes. ECF 1, PgID 8–13, 27–28. In January 2022, Defendant filed yet another motion in a long series of attempts to obtain pretrial release. ECF 340.

More than three years ago, a magistrate judge ordered Defendant detained pending trial. ECF 62. The Court initially revoked Defendant's detention order, ECF 82, but the Sixth Circuit reversed and ordered him detained pending trial, ECF 105. Defendant then filed several motions for pretrial release, *see* ECF 117; 172; 179; 188; 230; 243; 248; and 292, all of which have been denied, *see* ECF 126; 149; 187 (under seal); 209; 236; 245; 256; and 302. The Sixth Circuit has also held—six times—that Defendant must remain detained pending trial. ECF 149; 150; 228; 254; 263; 325.

Defendant is enjoined from filing motions to revoke the detention order and must seek leave of the Court to file a revocation motion. *See* ECF 256, PgID 1734–35.

1

Here, the Court granted Defendant leave because the trial was unexpectedly delayed from January 2022 to May 17, 2022. ECF 329, PgID 2406.

The present motion to revoke the detention order is based on Defendant's contention that the Government has withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and that the trial might not proceed as planned on May 17, 2022 given the Government's suppression. ECF 340, PgID 2511 n.2. Defendant argued that because the trial will be further delayed as a result of the Government's conduct, his detention would be indefinite and therefore violate due process. *Id.*

Under § 3142(f), a Court may reopen a detention hearing only upon a showing that (1) "new information exists that was unknown to the movant at the time of the hearing" and (2) "the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure" appearance at trial and safety of the community. *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (drawing from 18 U.S.C. § 3142(f)(2)). Specifically, "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

The Sixth Circuit has previously held that Defendant's detention does not violate due process. ECF 254, PgID 1725–27. Only when pretrial detention amounts to "punishment of the detainee" is there a Fifth Amendment due process violation. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). As the Sixth Circuit held in the November 2020 order affirming Defendant's detention, "[i]n determining whether detention is punishment, we consider the length of the detention, the extent of the

government's responsibility for any delay in trial, the gravity of the charges, and the strength of the evidence against the defendant." ECF 254, PgID 1725 (citing *Watson*, 475 F. App'x at 601). Applying the four-factor test to Defendant's case today shows that there is still no due process violation.

For the first factor, the Sixth Circuit noted that "for complex cases involving extensive conspiracies, lengthy detention has been found constitutional." *Id.* (citations omitted). The Sixth Circuit ultimately held that the factor weighed against finding a due process violation given the complexity of Defendant's case, the need for extensive discovery, and the number of defendants and witnesses involved. *Id.* The most recent delay was largely attributable to Defendant's need to review thousands of documents to prepare for trial; in other words, the case against Defendant does in fact involve extensive discovery and is indeed extraordinarily complex. *See generally* ECF 327 (under seal). The delay thus does not cross into the realm of a due process violation. *See* ECF 254, PgID 1725. Besides, the trial is occurring, as planned, on May 17, 2022.

For the government fault factor, the Sixth Circuit held that delays before the COVID-19 pandemic largely stemmed from the parties' agreements to adjourn the trial. *Id.* at 1726. And the Sixth Circuit held that "the delay attributable to the pandemic is beyond the government's control." *Id.* (citations omitted). Defendant's primary argument is that recent discovery has demonstrated that the Government has withheld evidence in violation of *Brady* and that the withholding of evidence is why the trial has been delayed and may not take place as scheduled on May 17, 2022.

ECF 340, PgID 2511. Again, the trial will take place on May 17, 2022. Plus, the Court discussed the allegedly withheld evidence extensively in a recent order. ECF 371. There, the Court found that the evidence Defendant seeks is not actually within the control of the Government, so the Government need not produce the evidence before trial. *Id.* at 2872–74. In fact, the Government provided information to show that Defendant might have better access to the evidence than anyone else. *Id.* at 2868 n.2. For the reasons stated in the Court's order, ECF 371, the Court rejects Defendant's argument that the Government's conduct is responsible for the delayed trial.

Defendant's recent motion to file an addendum to the revocation motion, ECF 369, sought to include an expert declaration that opined the Government's productions were incomplete, ECF 369-1. But the Court's subsequent order found that the Government had turned over all the information in its possession and control and that the Government need not seek out the evidence that Defendant had requested because the Government does not have an affirmative duty to disclose information not in its possession. ECF 371, PgID 2872–74. The new material sought to be added to the revocation motion is therefore futile, so the Court will deny the motion to file the addendum.

Next, the Sixth Circuit has held that Defendant was such a significant flight risk that the third factor also weighed against finding a due process violation. ECF 254, PgID 1726. And Defendant pointed to no new information in his motion that shows the external circumstances surrounding his risk of flight have changed. *See generally* ECF 340.

4

Finally, the Sixth Circuit held that the offenses with which Defendant is charged are serious and weigh against finding a due process violation. ECF 254, PgID 1726–27. The charges against Defendant remain the same as they were at the time of the Sixth Circuit's November 2020 order. Defendant allegedly was the mastermind of a nearly half billion dollar health care fraud scheme, an illegal distributor of millions of Schedule II opioids, and the prescriber of "unnecessary and painful procedures or highly addictive drugs to hundreds of patients." *Id*. The final factor therefore weighs against finding a due process violation. Because all four factors weigh against finding a due process violation, the Court will deny the motion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for leave to file an addendum to the motion for revocation of the detention order [369] is **DENIED** as futile**.**

**IT IS FURTHER ORDERED** that Defendant's motion for revocation of the detention order [340] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 16, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager