UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 2:18-cr-20800

HONORABLE STEPHEN J. MURPHY, III

D-1 RAJENDRA BOTHRA,
D-3 GANIU EDU,
D-4 DAVID LEWIS,
D-5 CHRISTOPHER RUSSO,

    Defendants.
_____/

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
THE GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY [372]**

Defendants were six physicians licensed to practice medicine in Michigan. ECF 1, PgID 6–8. Each Defendant was named in a 56-count indictment the Court ordered unsealed in late 2018. *See generally* ECF 1; 9. Defendants were charged with health care fraud conspiracy under 18 U.S.C. § 1349; aiding and abetting health care fraud under 18 U.S.C. §§ 1347 and 2; conspiracy to distribute and possess with intent to distribute controlled substances under 21 U.S.C. §§ 841(a)(1) and 846; and aiding and abetting the unlawful distribution of controlled substances under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See generally* ECF 1. Two Defendants have pleaded guilty, ECF 301; 364, but the remaining four Defendants are scheduled for trial on May 17, 2022, ECF 329, PgID 2405.

1

Before trial, the Government moved to exclude five Defense expert witnesses from testifying. ECF 372. The Court will deny the motion.[1]

## BACKGROUND

Defendant Dr. Rajendra Bothra owned and operated two professional limited liability companies—The Pain Center and The Interventional Pain Center—located in Southeast Michigan. ECF 1, PgID 6. The two facilities were participating providers with Medicare and Medicaid and the businesses would submit claims for reimbursement to the federal programs. *Id.* Dr. Bothra and the other Defendants—Dr. Ganiu Edu, Dr. David Lewis, and Dr. Christopher Russo—were licensed physicians in Michigan and enrolled as participating providers with Medicare at the two companies. *Id.* at 6–8. All six indicted Defendants were also licensed by the Drug Enforcement Administration to prescribe controlled substances. *Id.*

Defendants recently notified the Government that they intend to have six expert witnesses testify at trial. ECF 372, PgID 2875–76. While Defendants notified the Government of the six witnesses, the Government claimed that Defendants did not comply with Federal Rule of Criminal Procedure 16(b)(1)(C)'s requirement to provide a written summary of "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications" for five of the witnesses.[2] *Id.* at 2884. The

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* E.D. Mich. L. Crim. R. 12.1; E.D. Mich. L.R. 7.1(f)(2).
[2] Those experts are Sean Weiss, Jordan Johnson, Ryan Vaughn, Dr. Anthony Chiodo, and Dr. Christopher Gharibo. *Id.* at 2877.

2

Government did not move to exclude the testimony of the sixth witness, Dr. James Murphy, because Defendants complied with Rule 16 for that witness. *Id.* at 2880.

While Defendants did provide some information about what the five expert witnesses would testify about, the Government argued that the information is so skeletal that the Government cannot determine the bases of and the reasons supporting the opinions. *Id.* at 2886. The Government asserted that the meager notifications require excluding the experts at trial because the Government cannot preemptively address the testimony with their own expert in their case-in-chief or prepare for cross-examination of Defendants' experts. *Id.*

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 16(b)(1)(C), a "defendant must, at the government's request, give to the government a written summary of any" expert testimony if "the defendant requests disclosure under subdivision (a)(1)(G) and the government complies." The Rule requires the summary to "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The Rule provides four remedies for a discovery violation, one of which is to "order [a] party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions." Fed. R. Crim. P. 16(d)(2)(A).

## DISCUSSION

In short, the five notices of expert testimony at issue are skeletal. *See* ECF 369-1; 372-1; 372-2; 372-3; 372-4. One of the notices is not even really a notice, but instead an affidavit attached to another motion. ECF 369-1. The Sixth Circuit has held that

3

a notice for expert testimony of two chemists was inadequate despite the party providing four documents, one of which was a forensic chemistry report, because the opposing party could not "analyze the steps that led the [] chemists to their conclusions." *United States v. Davis*, 514 F.3d 596, 612–13 (6th Cir. 2008). Here, without more information, the Government will likewise struggle to prepare to preemptively address the testimony with their own expert and to prepare cross-examination questions.

But excluding Defendants' experts would be highly prejudicial to their case. Throughout the proceedings, the Court has striven to make sure that the jury will decide the case on the merits. Without expert testimony, Defendants would struggle to make any case to the jury in view of the technical and scientific nature of the issues. Excluding the testimony of the five experts might therefore lead to a verdict based in large part on a procedural ruling of the Court.

The Court will therefore use Rule 16(d)(2)(A)'s alternative remedy of inspection. Under that Rule, the Court will order the parties to meet and exchange information before opening statements. The parties must exchange the findings that the experts will testify about and the underlying data or information that supports those findings.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Government's motion to exclude expert testimony [372] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the parties must **MEET** and **EXCHANGE** the information as detailed above before opening statements.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: May 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 16, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

5