UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 2:18-cr-20800-1

HONORABLE STEPHEN J. MURPHY, III

v.

RAJENDRA BOTHRA,

          Defendant.

                                       /

**OPINION AND ORDER
DENYING MOTION IN LIMINE [348]**

      Defendant Dr. Rajendra Bothra is a physician who was licensed to practice medicine in Michigan. ECF 1, PgID 6–7. He was named in a 56-count indictment the Court ordered unsealed in late 2018. *See generally* ECF 1; 9. Defendant was charged with health care fraud conspiracy under 18 U.S.C. § 1349; aiding and abetting health care fraud under 18 U.S.C. §§ 2 and 1347; conspiracy to distribute and possess with intent to distribute controlled substances under 21 U.S.C. §§ 841(a)(1) and 846; and aiding and abetting the unlawful distribution of controlled substances under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See generally* ECF 1. Along with three Co-Defendants, Defendant is scheduled for trial on May 17, 2022.[1] ECF 329, PgID 2405.

---

[1] Two other Co-Defendants pleaded guilty and will not face trial by jury. ECF 301; 364.

1

Before trial, Defendant moved to exclude all references to two pieces of evidence when the jury is present. ECF 348.[2] The Court will deny the motion.[3]

## BACKGROUND

Defendant owned and operated two professional limited liability companies—The Pain Center and The Interventional Pain Center—located in Southeast Michigan. ECF 1, PgID 6. The two facilities were participating providers with Medicare and Medicaid and would submit claims for reimbursement to the federal programs. *Id.* Defendant was a licensed physician in Michigan and enrolled as a participating provider with Medicare at the two companies. *Id.* at 6–8. All six indicted Defendants were also licensed by the Drug Enforcement Administration to prescribe controlled substances. *Id.*

Far more than half the counts in the indictment involve health care fraud charges. *See generally* ECF 1. For the health care fraud counts, Defendant is specifically charged in count one, health care fraud conspiracy, and counts two through thirteen, which all involve instances of aiding and abetting health care fraud. *Id.* at 8–13. All thirteen counts of health care fraud specify that Defendant:

1. "prescribe[d] prescription opioids and other controlled substances to induce patients to attend reocurring [sic] office visits";

2. "prescribe[d] prescription opioids and other controlled substances to induce patients to undergo unnecessary medical procedures";

---

[2] The parties' briefs, ECF 348; 351; 356, are under seal.
[3] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* E.D. Mich. L. Crim. R. 12.1; E.D. Mich. L.R. 7.1(f)(2).

2

3. "submit[ed] false and fraudulent claims to Medicare, Medicaid[,] and Blue Cross for services and medical devices that were medically unnecessary, not eligible for reimbursement, and/or not provided as represented";

4. "referr[ed] or caus[ed] the referral of patients, or order[ed] or caus[ed] the ordering of testing, by other providers, including MRI companies and diagnostic laboratories, where the services were medically unnecessary, not eligible for reimbursement, and/or not provided as represented";

5. "conceal[ed] the submission of false and fraudulent claims to Medicare, Medicaid[,] and Blue Cross, and the receipt and transfer of the proceeds from the fraud";

6. "divert[ed] proceeds of the fraud for the personal use and benefit of [] [D]efendants."

*Id.* at 9–12. The indictment further specified that the allegedly illegal conduct all occurred between January 2013 and November 2018. *Id.* at 1.

While the criminal proceeding against Defendant was beginning, separate civil lawsuits were in the opening stages as well. ECF 348-1, PgID 2571 n.1. But the dockets of the lawsuits, federal qui tam actions against Defendant's companies, were sealed. *Id.* The federal prosecutors in this case apparently did not know of the sealed qui tam actions when they began work on the criminal case, ECF 356, PgID 2646, but they learned about the sealed cases later, as trial in the present case approached. ECF 356, PgID 2646. In November 2021, the Government, through the federal

prosecutors in this case, turned over documents from the qui tam actions to Defendant. *Id.*

Defendant moved in limine to prevent the subject matter of the qui tam matters from being referenced in front of the jury at trial. *See generally* ECF 348. The qui tam suits involved allegations both that an uncertified physician performed procedures billed as though they were performed by a certified physician at Defendant's pain center and that procedures were billed as though they were performed in a certified ambulatory surgery center when they were not in fact performed in such a center. ECF 348-1, PgID 2571.

Defendant argued that the indictment did not allege any facts related to the qui tam allegations and that, as a result, any reference to the conduct from the qui tam matters at trial would create a constructive amendment or prejudicial variance to the indictment. *Id.* at 2575–81. The Government asserted that the third specific allegation in the counts against Defendant, that he "submit[ed] false and fraudulent claims to Medicare, Medicaid[,] and Blue Cross for services and medical devices that were medically unnecessary, not eligible for reimbursement, and/or not provided as represented," covers the conduct alleged in the qui tam actions. ECF 351, PgID 2604 (citing ECF 1, PgID 9–11).

According to the Government, the conduct at the center of the qui tam cases constituted fraudulent claims for services that were not provided as represented to Medicare and that the acts were thus covered by the indictment language. *See*

4

*generally* ECF 351. The Government also explained that it "is not seeking to amend or vary from the charged conduct in the indictment." *Id.* at 2607.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." In general, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted). The exact amount of factual material necessary to enable a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense is malleable. *See United States v. Sittenfeld*, 522 F. Supp. 3d 353, 363–68 (S.D. Ohio 2021) (collecting cases).

In the Sixth Circuit, "[a] variance to the indictment occurs when the charging terms of the indictment are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *United States v. Caver*, 470 F.3d 220, 235 (6th Cir. 2006) (citation omitted).

## DISCUSSION

If, as the Government contended, the language in the indictment covers the conduct alleged in the qui tam actions, then the evidence at issue is admissible as part of the underlying health care fraud alleged in the indictment. Whether the indictment language covers the conduct depends on the level of specificity needed to

5

properly plead allegations in an indictment. If factual content can be pleaded at a high level of generality, then the phrase "services . . . and/or not provided as represented" clearly covers the conduct addressed in the qui tam suits. ECF 1, PgID 10. If factual content must be pleaded at a high level of specificity, then the phrase does not cover the conduct. The level of specificity required turns on whether a defendant can "plead an acquittal or conviction in bar of future prosecutions for the same offense" and whether a defendant is "fairly" informed of the charge against him. *Hamling*, 418 U.S. at 117 (citation omitted).

Here, the allegation "submit[ted] false and fraudulent claims to Medicare, Medicaid[,] and Blue Cross for services and medical devices that were medically unnecessary, not eligible for reimbursement, and/or not provided as represented," is sufficiently specific to inform the defendant of the relevant charge. ECF 1, PgID 9–10. The allegation allows Defendant to have understood that he was charged with all occasions on which he submitted fraudulent claims to Medicare for services that were not provided as represented, which necessarily included the conduct alleged in the qui tam actions. And because the indictment specified that the allegations pertained to conduct between 2013 and 2018, *id.* at 1, Defendant would have been able to know if he was put in double jeopardy for any fraudulent claim submitted to a federal program for services that were not provided as represented. The limited time frame makes the factual content in the indictment specific enough to properly include the conduct at the center of the qui tams. *See United States v. Horton*, 580 F. App'x 380, 386 (6th Cir. 2014).

6

## CONCLUSION

Because the language in the indictment is inclusive of the conduct Defendant seeks to exclude and was pleaded at a sufficient level of specificity, the Court will deny the motion in limine. And because the Court will deny the motion and the evidence will likely come in at trial, the Court will not seal the present order.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion in limine [348] is **DENIED**.

**SO ORDERED.**

> s/ Stephen J. Murphy, III
> STEPHEN J. MURPHY, III
> United States District Judge

Dated: May 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 16, 2022, by electronic and/or ordinary mail.

> s/ David P. Parker
> Case Manager