UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:18-cr-20800

HONORABLE STEPHEN J. MURPHY, III

v.

D-1 RAJENDRA BOTHRA,
D-4 DAVID LEWIS,

        Defendants.

                             /

**OPINION AND ORDER
<u>DENYING MOTION IN LIMINE [389]</u>**

Defendants were two physicians licensed to practice medicine in Michigan. ECF 1, PgID 6–8. Each Defendant was named in a 56-count indictment the Court ordered unsealed in late 2018. *See generally* ECF 1; 9. Defendants were charged with health care fraud conspiracy under 18 U.S.C. § 1349; aiding and abetting health care fraud under 18 U.S.C. §§ 1347 and 2; conspiracy to distribute and possess with intent to distribute controlled substances under 21 U.S.C. §§ 841(a)(1) and 846; and aiding and abetting the unlawful distribution of controlled substances under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See generally* ECF 1. Both Defendants are scheduled for trial on May 17, 2022 along with two Co-Defendants.[1] ECF 329, PgID 2405.

One Defendant, Dr. David Lewis, moved in limine to exclude three categories of evidence that the Government will seek to introduce at trial. ECF 372. While one

---

[1] Two other Co-Defendants have pleaded guilty. ECF 301; 364.

1

other Defendant, Dr. Rajendra Bothra, joined and concurred in the motion, ECF 375; 401, the other two Defendants scheduled for trial did not. The Court will deny the motion.[2]

## BACKGROUND

Dr. Bothra owned and operated two professional limited liability companies—The Pain Center and The Interventional Pain Center—located in Southeast Michigan. ECF 1, PgID 6. The two facilities were participating providers with Medicare and Medicaid and the businesses would submit claims for reimbursement to the federal programs. *Id.* Both Defendants were licensed physicians in Michigan and enrolled as participating providers with Medicare at the two companies. *Id.* at 6–8. All six indicted Defendants were also licensed by the Drug Enforcement Administration to prescribe controlled substances. *Id.*

At trial, the Government will seek to introduce three categories of evidence that Defendants believe the Court should exclude:

1. Evidence related to the death of Amanda Wolf, including testimony from her mother about her death, her autopsy report, and a toxicology report;

2. Testimony about conversations in the lobby of The Pain Center regarding patients selling their prescriptions; and

3. Testimony related to narcotics transactions and people smoking marijuana in the parking lot of The Pain Center.

---

[2] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* E.D. Mich. L. Crim. R. 12.1; E.D. Mich. L.R. 7.1(f)(2).

ECF 389, PgID 3428. According to Defendants, the Court should exclude evidence related to the death of Amanda Wolf under Federal Rule of Evidence 403 as substantially more prejudicial than probative. *Id.* at 3427. For the conversations overhead in the lobby of Defendants' practice, Defendants argued that the statements are inadmissible hearsay. *Id.* at 3427–28. And for potential testimony about narcotics transactions and people smoking marijuana in the parking lot of the practice, Defendants believed that the Court should exclude the testimony both under Rule 403 as substantially more prejudicial than probative and under Rule 404(b) as impermissible testimony about other acts. *Id.* at 3428.

The Government argued that all three categories of evidence are highly probative and the probative value outweighs any prejudicial effect, are admissible as proper intrinsic evidence, and that no statements are hearsay because they are offered to show the effect on the listener—not for the truth of the matter asserted. ECF 382.

## LEGAL STANDARD

Evidentiary Rule 403 allows courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." And Rule 404(b) prohibits the use of "any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b) applies to prior actions of absent third parties. *Wynee v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *United States v. Lucas*, 357 F.3d 599, 606–07 (6th Cir. 2004)). Such evidence may be used to "prov[e]

3

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" so long as, in a criminal case, the prosecution provides reasonable notice of intent to offer the evidence at trial. *Id.*

The evidentiary rules also prohibit the use of hearsay, Fed. R. Evid. 802, which is an out-of-court statement offered "to prove the truth of the matter asserted," Fed. R. Evid. 801(c). Statements that are not offered to prove the truth of the matter asserted but are instead offered to show the effect of the statement on a listener are not hearsay. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2009) (citation omitted).

With respect to intrinsic evidence, "[a] district court may admit uncharged background evidence as long as it is 'inextricably intertwined' with the underlying offense" under an "intrinsic acts" theory. *United States v. Edmond*, 815 F.3d 1032, 1045 (6th Cir. 2016), *vacated and remanded on other grounds by Harper v. United States*, 137 S. Ct. 1577 (2017) (mem.) (quotation omitted). Intrinsic acts have "a causal, temporal[,] or spatial connection with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Examples of admissible intrinsic acts include "evidence [that] is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.* (citation omitted).

4

**DISCUSSION**

The Court will address each category of evidence in turn. After, the Court will summarize the evidence admissible at trial and the evidentiary decisions that the Court has reserved until they arise at trial.

I. <u>Evidence Related to the Death of Amanda Wolf</u>

First, the jury is entitled to some information related to the death of Amanda Wolf: it is crucial background information to explain why she is not testifying. The Court will therefore allow testimony about her death so long as it serves as explanatory background testimony. But the autopsy report and toxicology report, as well as testimony explaining the temporal connection between her death and the last time she received a prescription from a Defendant, is likely substantially more prejudicial than probative. Yet making that determination before trial, without first allowing the Government to build a foundation that demonstrates the exact probative value of testimony and evidence related to her death, would be imprudent. The Court will therefore deny the pretrial motion to exclude the evidence and allow Defendants to renew their objection to the testimony and evidence once the Government elicits foundational testimony about the death.

II. <u>Testimony about Conversations in the Lobby of The Pain Center</u>

The Court will not rule on Defendants' hearsay objections before trial. Given that the Government intends to offer statements to show the effect the statements had on a listener, any pretrial decision would be inappropriate because the Court cannot accurately determine the purpose for which the statements are being offered

5

without hearing the proposed testimony in context. The context of the surrounding testimony is important to understand the actual purpose for which the statements are offered. Defendants may renew their hearsay objections at trial.

As for whether the statements are substantially more prejudicial than probative, the statements have significant probative value. If employees of Defendants' practice knew that patients were discussing selling their prescriptions illegally, then that testimony would make whether Defendants knew the prescriptions were not being used for a proper purpose more probable than if the testimony were not admitted. And that is a central issue in the case. The Court will deny the Rule 403 objection on that ground.

III.    Testimony about Narcotics Transactions and Marijuana Smoking

Testimony about narcotics transactions and people smoking marijuana in the parking lot is so highly probative that no amount of prejudice could outweigh the probative value. The testimony could be used to show that Defendants could not have possibly been ignorant of the fact that the prescriptions they had issued were used for an improper purpose. And the testimony would therefore make Defendants' knowledge of the illicit nature of their prescriptions more probable than if the testimony were not admitted.

And the testimony would not implicate Rule 404(b). The testimony is not about other bad acts, but about the actual crimes with which Defendants are charged. If patients were in fact conducting illicit transactions in the parking lot or smoking marijuana, and Defendants knew of the transactions and drug use, then Defendants'

prescriptions were illegal because they should not have provided prescriptions to those patients. *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) ("[Intrinsic acts] evidence does not implicate Federal Rule of Evidence 404(b), which generally bars evidence of past acts to prove character, but with some exceptions.") (citing *Hardy*, 228 F.3d at 748). In other words, the illegal narcotics transactions and marijuana smoking were actually part of the acts with which Defendants are charged because they are intrinsic to and inextricably intertwined with the illegal nature of the prescriptions. *Edmond*, 815 F.3d at 1045.

## CONCLUSION

The Court will deny the motion in full. At trial, Defendants are free to renew their objections to evidence about Amanda Wolf's death—if the testimony goes beyond simple background information—and about whether the lobby conversations are hearsay. But the lobby conversations do not cross Rule 403's substantially more prejudicial than probative line of demarcation. Nor does the evidence about narcotics transactions and marijuana smoking in the parking lot. Finally, the narcotics transactions and marijuana smoking are not Rule 404(b) evidence because they are part and parcel of the crimes with which Defendants are charged.

**WHEREFORE**, it is hereby **ORDERED** that the motion in limine [389] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 17, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 17, 2022, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager