UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 RAJENDRA BOTHRA,
D-3 GANIU EDU,
D-4 DAVID LEWIS,
D-5 CHRISTOPHER RUSSO,

        Defendants.

                                   /

Case No. 2:18-cr-20800

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE [373]**

Defendants were six physicians licensed to practice medicine in Michigan. ECF 1, PgID 6–8. Each Defendant was named in a 56-count indictment the Court ordered unsealed in late 2018. *See generally* ECF 1; 9. Defendants were charged with health care fraud conspiracy under 18 U.S.C. § 1349; aiding and abetting health care fraud under 18 U.S.C. §§ 1347 and 2; conspiracy to distribute and possess with intent to distribute controlled substances under 21 U.S.C. §§ 841(a)(1) and 846; and aiding and abetting the unlawful distribution of controlled substances under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See generally* ECF 1. Two Defendants have pleaded guilty, ECF 301; 364, but the remaining four Defendants started trial with jury selection on May 17, 2022, ECF 329, PgID 2405.

1

Before trial, the Government moved to admit testimony and evidence related to a Michigan licensing complaint filed against Dr. Eric Backos, one of the Co-Defendants that pleaded guilty. ECF 373. The Court will grant the motion.[1]

## BACKGROUND

Defendant Dr. Rajendra Bothra owned and operated two professional limited liability companies—The Pain Center and The Interventional Pain Center—located in Southeast Michigan. ECF 1, PgID 6. The two facilities were participating providers with Medicare and Medicaid and the businesses would submit claims for reimbursement to the federal programs. *Id.* Dr. Bothra and the other Defendants—Dr. Ganiu Edu, Dr. David Lewis, and Dr. Christopher Russo—were licensed physicians in Michigan and enrolled as participating providers with Medicare at the two companies. *Id.* at 6–8. All six indicted Defendants were also licensed by the Drug Enforcement Administration to prescribe controlled substances. *Id.*

The Government moved in limine for the Court to admit evidence related to a 2014 Michigan licensing complaint filed against Dr. Backos, a Co-Defendant that pleaded guilty. ECF 373; *see also* ECF 364 (plea agreement). In 2014, Dr. Backos apparently pleaded no contest to two counts of the complaint for conduct that occurred between 2010 and 2011. ECF 380, PgID 2985. Defendants believed that because the alleged conspiracy only lasted between 2013 and late 2018, the Court should not admit the complaint as intrinsic acts background evidence for the

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* E.D. Mich. L. Crim. R. 12.1; E.D. Mich. L.R. 7.1(f)(2).

conspiracy counts. *Id.* at 2986. Put simply, Defendants contended that the evidence is irrelevant to the charged crimes. *Id.* Defendants also asserted that if the Government offers the evidence under Federal Rule of Evidence 404(b), then the evidence is inadmissible because the evidence is not offered for a proper purpose and is substantially more prejudicial than probative in violation of Rule 403. *Id.* at 2986–87.

The Government argued that the evidence is proper intrinsic acts evidence—not Rule 404(b) evidence—because Dr. Bothra reacted to the resolution of the complaint in a manner consistent with there being an ongoing conspiracy. ECF 373, PgID 2931–32. But in the alternative, the Government argued that the evidence is proper 404(b) other acts evidence because the evidence is offered to show intent, knowledge, plan, scheme, motive, opportunity, preparation, and method of operation. *See generally* ECF 373.

## LEGAL STANDARD

Evidentiary Rule 403 allows courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." And Rule 404(b) prohibits the use of "any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b) applies to prior actions of absent third parties. *Wynee v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *United States v. Lucas*, 357 F.3d 599, 606–07 (6th Cir. 2004)). Such evidence may be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

3

mistake, or lack of accident" so long as, in a criminal case, the prosecution provides reasonable notice of intent to offer the evidence at trial. *Id.*

With respect to intrinsic evidence, "[a] district court may admit uncharged background evidence as long as it is 'inextricably intertwined' with the underlying offense" under an "intrinsic acts" theory. *United States v. Edmond*, 815 F.3d 1032, 1045 (6th Cir. 2016), *vacated and remanded on other grounds by Harper v. United States*, 137 S. Ct. 1577 (2017) (mem.) (quotation omitted). Intrinsic acts have "a causal, temporal[,] or spatial connection with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Examples of admissible intrinsic acts include "evidence [that] is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.* (citation omitted).

## DISCUSSION

Here, the primary testimony the Government wants to elicit at trial is the practice's response to the resolution of the complaint against Dr. Backos. ECF 373, PgID 2929. The Court understands that the Government will seek to connect the practice's response to the resolution of the complaint with conduct designed to conceal the practice's illicit prescription conduct that led to the complaint. *Id.* That kind of response is highly probative of an ongoing conspiracy to illegally distribute controlled substances, especially because the response occurred during the period alleged in the indictment. ECF 1, PgID 1–2. Any prejudicial effect of evidence that demonstrated

4

the practice's response would not substantially outweigh the high probative value. If the Government can persuasively connect the practice's response to the complaint with activity consistent with concealing the objects of the conspiracy to illegally dispense prescriptions, then the evidence is probative of the existence of the conspiracy as to all Defendants.

Given the admissibility of testimony and evidence related to the practice's response to the resolution of the complaint against Dr. Backos, evidence about the underlying complaint and the resolution of the complaint is admissible as intrinsic acts background information. The evidence "completes the story" of why the response to the complaint shows that the response is evidence of an ongoing conspiracy to illegally prescribe controlled substances. *Hardy*, 228 F.3d at 748 (citation omitted). In fact, evidence related to the underlying complaint and the complaint's resolution is so "inextricably intertwined" with the response to the complaint's resolution that evidence of both must come in at trial. *Edmond*, 815 F.3d at 1045 (quoting *Hardy*, 228 F.3d at 748). And despite the prejudicial nature of the complaint's underlying facts, the prejudice does not outweigh the substantial probative value of the evidence given how inextricably the evidence is tied to the highly probative response to the resolution of the complaint.

Because the evidence is proper intrinsic acts evidence, the evidence does not implicate Rule 404(b). *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) ("[Intrinsic acts] evidence does not implicate Federal Rule of Evidence 404(b), which

5

generally bars evidence of past acts to prove character, but with some exceptions.") (citing *Hardy*, 228 F.3d at 748).

## CONCLUSION

Because the evidence at issue is admissible as intrinsic acts evidence and the probative value is not substantially outweighed by unfair prejudice, the Court will grant the motion. The Court need not, and does not, reach issues related to whether the evidence could be properly admitted under Rule 404(b) or whether the Government gave Defendants proper notice under that Rule.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Government's motion to admit certain evidence [373] is **GRANTED**.

**SO ORDERED.**

> s/ Stephen J. Murphy, III
> STEPHEN J. MURPHY, III
> United States District Judge

Dated: May 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 18, 2022, by electronic and/or ordinary mail.

> s/ David P. Parker
> Case Manager